## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KENNETH LEE HERRING,
            Appellant,

            v.

NATIONAL SCIENCE
    FOUNDATION,
            Agency.

DOCKET NUMBER
DC-1221-14-0149-W-1

DATE: September 1, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Doug Walgren, Esquire, Frederick, Maryland, for the appellant.

Daria J. Zane, Esquire, Arlington, Virginia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. For the reasons discussed below, we VACATE the administrative judge's findings that the appellant failed to prove he had exhausted his administrative remedies before the Office of Special Counsel (OSC) and that improperly analyzed certain alleged personnel actions as protected disclosures, and AFFIRM the initial decision in all other respects. Except as expressly indicated in this Final Order, the initial decision of the administrative judge is the Board's final decision.

## BACKGROUND

¶2      On August 12, 2012, the appellant was appointed to the competitive-service position of Technical Writer in the agency's Office of Legislative and Public Affairs (OLPA). Initial Appeal File (IAF), Tab 1 at 7. This appointment was subject to the completion of a 1-year probationary period. *Id.* During the probationary period, the agency terminated the appellant effective August 7, 2013. *Id.* at 11.

¶3      On August 1, 2013, the appellant filed a complaint with OSC alleging that his termination was in retaliation for making two protected disclosures. *Id.* at 4, 14-24. His first disclosure purportedly was made on October 4, 2011, to the Acting Director of OLPA and concerned "egregious and chronic quality-control issues exhibited . . . in OLPA press releases and media advisories." *Id.* at 14-15.

Specifically, he claimed that the press releases contained "a massive number of grammatical, syntactic, spelling, typographical, content, and other errors." *Id.* at 14. He further alleged that the timing of the distribution of press releases was ineffective. *Id.* His second disclosure allegedly was made to the head of OLPA and others during an OLPA meeting on February 25, 2013, at which he claimed that he discussed OLPA's low performance on the 2012 Federal Employee Viewpoint Survey (FEVS). *Id.* at 15. The FEVS results reflected low employee morale within OLPA. *Id.* The appellant argued that these disclosures established gross mismanagement, an abuse of authority, and a gross waste of funds. *Id.* at 14-19.

¶4   OSC determined that the appellant failed to establish that he made a protected disclosure within the meaning of 5 U.S.C. § 2302(b)(8). *Id.* at 28-29. In letters dated September 30, 2013, OSC notified the appellant that it closed its inquiry into his complaint. *Id.* at 25-26.

¶5   On November 19, 2013, the appellant filed this IRA appeal with the Board and requested a hearing.[2]   *Id.* at 1-6.   In an order on jurisdiction, the

---

[2] On August 1, 2013, the appellant filed a prior Board appeal of his probationary termination and claimed that it was retaliation for his whistleblowing. *Herring v. National Science Foundation*, MSPB Docket No. DC-315H-13-1304-I-1 (*Herring I*), Initial Appeal File, Tab 1. The Board found that he failed to nonfrivolously allege that the Board had jurisdiction over his probationary termination under chapter 75 of title 5 or the applicable Office of Personnel Management regulations. *Herring v. National Science Foundation*, MSPB Docket No. DC-315H-13-1304-I-1, Final Order at 3-5 & n.3 (June 13, 2014). As to his whistleblower reprisal claim, the Board found that he did not show that he exhausted his OSC remedy. *Id.* at 4-5. After filing the petition for review in his prior appeal, the appellant received OSC's letters terminating its investigation before 120 days had passed. *Herring I*, Petition for Review File, Tab 1; IAF, Tab 1 at 25-26; *see Hawker v. Department of Veterans Affairs*, 123 M.S.P.R. 62, ¶ 5 (2015) (observing that an appellant filing an IRA appeal has not exhausted his OSC remedy unless he has filed a complaint with OSC and either OSC has notified him that it was terminating its investigation of his allegations or 120 calendar days have passed since he sought corrective action). Because the jurisdictional issue in the instant appeal is not identical to that involved in the prior action, we find that the appellant is not collaterally estopped from attempting to establish jurisdiction over the instant appeal. *See O'Donnell v. Department of Agriculture*, 120 M.S.P.R. 94, ¶¶ 10, 12 (2013)

administrative judge informed the appellant that the Board might not have jurisdiction over the appeal.  IAF, Tab 3 at 1.  She apprised the appellant of his jurisdictional burden and ordered him to file a statement and evidence on the jurisdictional issue.  *Id.* at 2-6.  Both parties filed responses.  IAF, Tabs 4-9.

¶6    In his response, the appellant alleged that he made the following four additional protected disclosures regarding the mismanagement of OLPA:  on March 7, 2011, to the agency director; on April 28, 2011, to the senior advisor; on October 24, 2011, to an employee on detail in OLPA; and on February 29, 2012, to the head of OLPA.  IAF, Tab 4 at 6, 10-11.

¶7    Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.  IAF, Tab 10, Initial Decision (ID) at 1, 12.  She found that the appellant failed to prove that he exhausted his administrative remedies because he did not raise three of his disclosures to OSC, and made only conclusory allegations as to the two disclosures raised in his OSC complaint.[3]  ID at 8, 10-11.  She further found that, as to the two disclosures that the appellant raised with OSC, he failed to make a

---

(finding that the appellant was not collaterally estopped from establishing jurisdiction over an IRA appeal because his prior appeal involved allegations of reprisal for activity protected under 5 U.S.C. § 2302(b)(9), while his current appeal involved allegations of reprisal for disclosures protected under 5 U.S.C. § 2302(b)(8)), *aff'd per curiam*, 561 F. App'x 926 (Fed. Cir. 2014), and *modified on other grounds by Webb v. Department of the Interior*, 122 M.S.P.R. 248, ¶ 9 (2015).

[3] The administrative judge failed to identify the sixth disclosure that the appellant allegedly made to the head of OLPA on February 29, 2012.  ID at 11; IAF, Tab 4 at 11.  However, because we find that this disclosure also was not raised before OSC, it provides no basis to reverse the initial decision.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).  Although the appellant realleges five of his disclosures on review, Petition for Review File, Tab 3 at 6-7, 11, he does not challenge the administrative judge's finding that he raised only two disclosures with OSC.  ID at 5-7.  We decline to disturb this finding.  *See Baldwin v. Department of Veterans Affairs*, 113 M.S.P.R. 469, ¶ 8 (2010) (stating that, in an IRA appeal, the Board may only consider those charges of whistleblowing that the appellant raised before OSC).

nonfrivolous allegation that the disclosures evidenced gross mismanagement, an abuse of authority, or a gross waste of funds. ID at 5, 8-11.

¶8  The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1.[4]

## DISCUSSION OF ARGUMENTS ON REVIEW

¶9  To establish jurisdiction over an IRA appeal concerning whistleblower disclosures, an appellant must exhaust his administrative remedies before OSC and make nonfrivolous allegations[5] that: (1) he engaged in whistleblowing activity by making a protected disclosure; and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action. *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001); *Rusin v. Department of the Treasury*, 92 M.S.P.R. 298, ¶ 12 (2002).

The appellant proved that he has exhausted his administrative remedies before OSC.

¶10  Under 5 U.S.C. § 1214(a)(3), an employee is required to seek corrective action from OSC before seeking corrective action from the Board. *Swanson v. General Services Administration*, 110 M.S.P.R. 278, ¶ 7 (2008). The Board's jurisdiction is limited to issues raised before OSC. *Id.* To meet the exhaustion requirement, the appellant must provide OSC a sufficient basis to pursue an investigation which might have led to corrective action. *Id.* That is, the appellant must articulate with reasonable clarity and precision before OSC the basis for his complaint of whistleblowing reprisal. *Id.*

---

[4] The agency has filed two submissions in response, requesting that its untimeliness be excused because it believed that the parties would settle the appeal. PFR File, Tabs 8-9. We decline to consider these submissions because we find that they are untimely filed without good cause shown. *Id.*; *see* 5 C.F.R. § 1201.114(g). Thus, we also decline to consider the appellant's reply to the agency's response. PFR File, Tab 10; *see* 5 C.F.R. § 1201.114(a).

[5] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

¶11        Here, the administrative judge found that the appellant failed to prove he has exhausted his administrative remedies before OSC.  ID at 8, 10-11.  We vacate this finding because we find that the appellant satisfied the exhaustion requirement under 5 U.S.C. § 1214(a)(3) regarding the two disclosures raised in his OSC complaint.  The appellant alleged in his OSC complaint that he made disclosures on October 4, 2011, to the Acting Director of OLPA regarding quality and timing issues with OLPA press releases, and on February 25, 2013, to the head of OLPA regarding OLPA's low performance on the FEVS.  IAF, Tab 1 at 14-15.  He alleged that his supervisor and the head of OLPA terminated him in retaliation for these two disclosures.  *Id.* at 15, 19-20.  Thus, he specified with reasonable clarity and precision the content of his two disclosures, the individuals to whom they were made, the nature of the personnel action that was allegedly taken in retaliation, and the individuals responsible for taking that action.  *Id.* at 14-24.  These essential details were sufficient to provide OSC with a basis for an investigation that might have led to corrective action.  *Id.* at 27-28; *see, e.g.*, *Swanson*, 110 M.S.P.R. 278, ¶ 8 (finding that an appellant satisfied the exhaustion requirement in an IRA appeal by providing these details).  However, as discussed below, we find that the appellant has failed to nonfrivolously allege that he made a protected disclosure.

The appellant has failed to make a nonfrivolous allegation that he made a protected disclosure.

¶12        A nonfrivolous allegation of a protected whistleblowing disclosure is an allegation of facts that, if proven, would show that the appellant disclosed a matter that a reasonable person in his position would believe evidenced one of the categories of wrongdoing specified in 5 U.S.C. § 2302(b)(8).  *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 6 (2016).  The test to determine whether a putative whistleblower has a reasonable belief in the disclosure is an objective one:  whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably

conclude that the actions of the agency evidenced a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. *Id.* The disclosures must be specific and detailed, not vague allegations of wrongdoing. *Id.*; *see El v. Department of Commerce*, 123 M.S.P.R. 76, ¶ 6 (2015) (stating that vague, conclusory, unsupported, and pro forma allegations of alleged wrongdoing do not meet the nonfrivolous pleading standard needed to establish the Board's jurisdiction over an IRA appeal).

¶13    Here, the appellant alleged in his OSC complaint that he made two protected disclosures on October 4, 2011, and February 25, 2013.  IAF, Tab 1 at 14-15.  As to these two disclosures, the administrative judge found that the appellant's allegations to OSC were general and conclusory and that he failed to provide specific facts which, if proven, would establish that he reasonably believed his disclosures evidenced one of the categories of wrongdoing specified in 5 U.S.C. § 2302(b)(8).  ID at 11.  For the following reasons, we agree with the administrative judge that the appellant's general and conclusory allegations of disclosures of wrongdoing are insufficient to constitute nonfrivolous allegations of protected disclosures.

¶14    The administrative judge considered the appellant's argument that the quality control and timing issues with OLPA press releases and media advisories, as well as OLPA's low employee morale, created a threat to the agency's "public image and public relations effectiveness" and jeopardized "essential support of those in the Congress who allocate critical funding to and authorize the funding of the Agency."  ID at 8; IAF, Tab 4 at 5-6, 30.  The administrative judge also considered the appellant's argument that the agency was subject to congressional investigation as a result of the agency's mismanagement.  ID at 9 n.3; IAF, Tab 4.  However, she found that the appellant failed to allege specific facts which, if proven, would establish that the actions or inactions of his supervisor or the head of OLPA created a substantial risk of significant adverse impact on the agency's

ability to accomplish its mission.[6]  ID at 8-9; *see Embree v. Department of the Treasury*, 70 M.S.P.R. 79, 85 (1996) (defining "gross management" as a management action or inaction that creates a substantial risk of significant adverse impact on the agency's ability to accomplish its mission).

¶15    We find that the appellant has failed to make a nonfrivolous allegation that his supervisor's involvement with the quality control and timing issues with OLPA press releases and media advisories rose beyond simple negligence or wrongdoing.  *See Embree*, 70 M.S.P.R. at 85 (stating that "gross mismanagement" does not include management decisions that are merely debatable, nor does it mean action or inaction which constitutes simple negligence or wrongdoing); *see also Webb v. Department of the Interior*, 122 M.S.P.R. 248, ¶¶ 2, 7-8 (2015) (finding that a position paper advocating an alternate organizational restructuring of certain responsibilities was not protected because it constituted a policy disagreement).

¶16    The administrative judge considered the appellant's arguments that the cost of the press releases was "steep" because most of the 10 OLPA media relations officers were GS-14 and GS-15 employees and that the "productivity of all but one or two media staff was extremely low (i.e., only a few releases produced each couple of months)."  ID at 10; IAF, Tab 4 at 29.  The administrative judge found that the appellant failed to provide supporting evidence or argument sufficient to make a nonfrivolous allegation that the 10 employees had low production or that the agency's expenditures for these employees was significantly out of proportion to the benefit for the agency.  ID at 10; *see Embree*, 70 M.S.P.R. at 85 (defining a "gross waste of funds" as a more than debatable expenditure that is significantly out of proportion to the benefit reasonably expected to accrue to the

---

[6] The agency's mission is "to promote the progress of science; to advance the national health, propensity, and welfare; to secure the national defense; and for other purposes." National Science Foundation Strategic Plan for 2014-2018, at 3 (Mar. 10, 2014),    http://www.nsf.gov/publications/pub_summ.jsp?ods_key=nsf14043 (last visited Sept. 1, 2016).

Government). We agree and find that the appellant's general allegation that the OLPA press releases wasted taxpayer money is debatable and unsupported. There is no evidence of how much time was spent and what resources were used to create the press releases.

¶17    We also agree with the administrative judge that the appellant's assertion that he "discussed OLPA-specific statistics showing OLPA's low performance on the [FEVS]" at an OLPA meeting does not meet his jurisdictional burden. ID at 8-9; IAF, Tab 1 at 15. The appellant repeats on review that the FEVS reflected poor morale, but again fails to explain why a reasonable person in his position would conclude that the actions of the agency evidenced a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. PFR File, Tab 3 at 15 & n.1.

¶18    Finally, the administrative judge considered the appellant's allegations that his supervisor engaged in an "abuse of power" by delegating the authority for work assignments to a team leader in his section, was irritated that he disclosed to the acting director of OLPA the problems with press releases, and told the team leader that she did not expect the appellant would successfully complete his probationary period. ID at 9; IAF, Tab 4 at 17, 31-32. The administrative judge analyzed these allegations as protected disclosures. ID at 8-9. However, the appellant did not claim to OSC that he disclosed these matters to the agency, but instead claimed that they were actions taken in reprisal for his protected disclosures. IAF, Tab 4 at 17, 31-32. Therefore, we vacate this finding. Because we find that the appellant failed to nonfrivolously allege that he made a protected disclosure, we do not reach the issue of whether he nonfrivolously alleged that his disclosures were a contributing factor in the agency's decision to take or fail to take a personnel action. *See* 5 U.S.C. § 2302(a)(2)(A) (listing personnel actions that are actionable in whistleblower reprisal claims).

<u>The appellant's arguments and submissions on review fail to provide a reason to disturb the initial decision.</u>

¶19    In his petition for review, the appellant seems to have resubmitted his response to the jurisdictional order from below and added footnotes citing to additional evidence.  *Compare* PFR File, Tab 3 at 5-22, *with* IAF, Tab 4 at 4-21. The Board generally will not consider evidence submitted for the first time on review absent a showing that:  (1) the documents and the information contained in the documents were unavailable before the record closed despite due diligence; and (2) the evidence is of sufficient weight to warrant an outcome different from that of the initial decision.  *Cleaton v. Department of Justice*, 122 M.S.P.R. 296, ¶ 7 (2015); 5 C.F.R. § 1201.115(d).

¶20    Here, the majority of the submitted evidence is dated before December 16, 2013, when the record on jurisdiction closed.  PFR File, Tab 3, Appendices (Apps.) 1-14; ID at 1; IAF, Tab 3 at 6.  The appellant claims that he was unaware that he needed to submit evidence to establish jurisdiction.  PFR File, Tab 3 at 1, 4.  We find this argument not persuasive.  The administrative judge informed the appellant of his burden of making a nonfrivolous allegation of jurisdiction, and that a nonfrivolous allegation is a claim supported by affidavits or other relevant evidence that, if proven, could establish the matter it asserts.  IAF, Tab 3 at 2-3; *see Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (holding that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue).

¶21    Further, the appellant has failed to show that the documents dated after December 16, 2013, would affect the administrative judge's finding that his allegations regarding poor-quality press releases and low employee morale failed to constitute a nonfrivolous allegation that he made a protected disclosure.  PFR

File, Tab 3, App. 1 at 1, 3, App. 4 at 8-9, 24-25, App. 7 at 11-13, App. 14.[7] Therefore, we have not considered the documents submitted on review.

¶22        The appellant reasserts two additional arguments on review.  First, he reargues that the terminations of both his supervisor and the head of OLPA in June 2015 and December 2014, respectively, demonstrate the reasonableness of his belief in the agency's gross mismanagement.  PFR File, Tab 3 at 3; IAF, Tab 9 at 4.  However, because he has not provided new and material evidence describing why they were terminated, this general allegation does not provide a reason to disturb the initial decision.  5 C.F.R. § 1201.115(d).  Next, he reasserts that there is no official record establishing that his supervisor had supervisory authority over him, which allegedly demonstrates fraud.  PFR File, Tab 3 at 19 n.1; IAF, Tab 4 at 18 n.1.  However, he provides no evidence to support his claim of fraud and does not identify any law, rule, or regulation that the agency violated by having no such record.  *See Salerno*, 123 M.S.P.R. 230, ¶¶ 6-7 (finding that an appellant failed to provide sufficiently specific or detailed allegations to meet the nonfrivolous standard because, in pertinent part, he did not clearly identify any law, rule, or regulation that was implicated by his disclosure).

¶23        Based on our review of the record, we find that the appellant has failed to provide a reason to disturb the initial decision.  ID at 8-11.  Accordingly, we find that the administrative judge properly dismissed this IRA appeal for lack of jurisdiction.

---

[7] These documents consist of an email scheduling the appellant's interview for a Supervisory Public Affairs Specialist position within OLPA, an email containing links to instances when the appellant's supervisor allegedly used a false position title, an article describing the efforts of members of Congress to reduce Federal funding for social sciences, an article that quoted the appellant's supervisor about an agency grant, an agency press release regarding educational videos, and a Wikipedia entry on a U.S. Senator's report on the agency.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our

website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                 _____
                               Jennifer Everling
                               Acting Clerk of the Board

Washington, D.C.